IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Jeffrey K. Bartels  Del. ID # 2249**
**Kenneth William Richmond** *pro hac vice*    **Attorneys for Plaintiffs**
**401 South Maryland Avenue**
**Wilmington, DE 19804**
**302-995-6211**

Estate of William J. Cox, by
ANGELIA M. COX, Admin.
6415 Chew Avenue
Philadelphia, PA  19119
       Plaintiff
       v

Thomas L. Carroll, Warden
Delaware Correctional Center         Civil Action No.
1181 Paddock Road
Smyrna, DE 19977
       Defendant

&

First Correctional Medical-Delaware, LLC.
P. O. Box 69370                     JURY TRIAL DEMANDED
Tucson, Arizona 85737-0015
       Defendant

and

Commissioner Stanley Taylor
Delaware Department of Corrections
Administration Building
245 McKee Road
Dover, Delaware 19904
       Defendant
       and

Joyce Talley, Bureau Chief of
Management Services
Delaware Department of Corrections
Administration Building
245 McKee Road
Dover, Delaware 19904
       Defendant

C O M P L A I N T

I. **JURISDICTION**

1. 28 U.S.C.S. 1331 Federal Question: This is a civil action brought pursuant to 42 U.S.C.S. 1983 alleging that each of the defendants named above, while acting under color of state law, in the manner described below, violated the decedent's right under U.S. Const. amend. VIII, to be free of the infliction of cruel and unusual punishment or death by the intentional denial of medical treatment.

II. **PARTIES**

2. Plaintiff, Angelia M. Cox is the Administratrix of the Estate of William J. Cox, decedent pursuant to letters of administration issued by the Register of Wills of Kent County Delaware on October 18, 2005 at Number F05022004WJC. William J. Cox is survived by Daughters Kimberly Cox Rauscher, Alicia Cox Shockley and Admin. Angelia M. Cox.

3. Defendant Thomas L. Carroll was, at all times relevant, the Warden of the Delaware Correctional Center at Smyrna, Delaware.

4. Defendant First Correctional Medical-Delaware, LLC. advertises itself as being an expert in prison medical care with its principal offices at the address appearing in the caption. At all times relevant hereto, it was the contractor during all relevant periods herein for the only medical care available to inmates confined to the Delaware Correctional Center in Smyrna, Delaware by virtue of an

agreement dated June 17, 2002 by and between Defendant Stanley Taylor, Commissioner and First Correctional Medical Services.

5. Defendant Stanley Taylor is the Commissioner of Corrections for the State of Delaware who, on or about June 17, 2002 entered into an Agreement Defendant First Correctional Medical-Delaware, LLC (hereafter referred to as "FCM") for the provision of comprehensive medical care for inmates incarcerated by the Delaware Department of Corrections.

6. Defendant Joyce Talley is the Bureau Chief for the Bureau of Management Services, Delaware Department of Corrections, who was specifically charged with oversight of inmate health care services and ensuring the most effective and lowest cost delivery of medical services to incarcerated offenders.

**THE FACTS:**

7. Decedent William J. Cox, born February 15, 1954, and based upon information and belief, was confined to the Delaware Department of Corrections in June, 2003 for Contempt of Court and additionally for a third offence of Driving Under the Influence with a Revoked License and commenced serving a sentence in November, 2003 at the Delaware Corrections Center.

8. On or about November 7, 2003, Decedent Cox is believed to have been medically screened as a sentenced inmate at the Delaware Corrections Center by staff under the direction, supervision and control of Defendant First Correctional Medical at which time, the decedent advised the staff of his history of insulin dependent diabetes, hepatitis C, cirrhosis of the liver and abdominal pain after which the decedent was taken to Kent General Hospital in Dover for an abdominal ultrasound examination and blood chemistry on or about November 12, 2003.

9. The findings of the radiologist and laboratory at Kent General Hospital confirmed diseased liver with elevated (ALT) (AST) and blocked bile ducts (ALK PHOS) or cholecystitis.

10. In spite of the findings, the decedent Cox was denied special diet, diuretic medications, paracentesis to remove abdominal fluid or other remedial measures to divert abdominal fluid from the decedent's abdominal cavity to the point where upon discharge on April 26, 2004, the decedent Cox had a stomach grossly and obviously distended with nine lbs of fluid.

11. On April 28, 2004, the Decedent was admitted to Kent County Hospital emergently and lapsed into a coma on April 29, 2004, after which he was transferred to a hospice until he expired on May 2, 2004.

12. It is believed and therefore averred that the deliberate failure to treat or provide medical care to the decedent was a direct result of the cost containment practices and policies of FCM and the Defendant Stanley Taylor and that treatment of decedent Cox's medical condition was deliberately withheld pursuant to this policy.

13. It is believed and therefore averred that the general cost containment practices of FCM and Defendant Taylor caused inadequate medical staffing, inadequate training, and reliance upon the judgment of persons other than qualified physicians, and psychiatrists to make medical decisions, refusal to provide required transport to needed off site medical facilities as required to treat decedent Cox all of which resulted in a policy of deliberate denial of access to the medical care decedent clearly required.

14.. At all times relevant hereto, Defendants Joyce Talley and Thomas L. Carroll, assumed a duty to insure efficient and effective delivery of health care to decedent Cox, and in spite of numerous inmate complaints, numerous inmate deaths due to "lengthy illnesses" and the identification of "medical issues" under the contract, both Thomas L. Carroll and Joyce Talley remained deliberately indifferent to the medical plight of inmates at Delaware Correctional Center, and to decedent Cox in particular by failing to order or require inmates to receive adequate, needed medical care when they had a duty to do so.

15. In addition to the foregoing, the specific failure to provide access to required diagnostic care in the case of the decedent resulted from a contractual agreement between Defendant Taylor and FCM and the failure to insure efficient and effective medical care under the contract created a policy of deliberate indifference to the decedent's medical plight in violation of the proscriptions contained in the United States Constitution, amend. VIII.

16. In addition to the foregoing, the actions and inactions of the FCM staff, Defendants Taylor, Carroll and Talley with respect to the decedent, fell well below the accepted standard of care in correctional facilities. The failure to supervise, inspect, investigate or inquire concerning the declining condition of decedent Cox, coupled with voluminous medical grievances filed by the inmate population in general constitutes gross negligence under the circumstances and unconstitutional deliberate indifference to a serious medical need which became obvious in the specific case of decedent Cox.

17. At all times relevant hereto, Defendants Taylor, Talley, Carroll and FCM  assumed a duty to insure efficient and effective delivery of health care to decedent Cox, and in spite of  numerous inmate complaints,  numerous inmate deaths due to "lengthy illnesses"  and the identification of  "medical issues" under the contract, Defendants Taylor, Talley and Carroll remained deliberately

indifferent to the medical plight of inmates in general, and decedent Cox in particular by failing to order or require inmates to receive adequate, needed medical care when they had a duty to do so.

17.  As a direct and proximate result of the actions and inactions of each of the defendants, jointly and severally as described above, the decedent was deprived of protections afforded under the United States Constitution, amend. VIII to be free of cruel and unusual punishment.

18.  As a further result of the conduct as described above, decedent suffered intense pain, humiliation, immobilization, confusion, anxiety, frustration, and fear until losing consciousness and ultimately, his life, over a period of four or more months.

19.  As a further result of the conduct described above, the decedent suffered loss of earnings for the remainder of his expected life.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally together with punitive damages, as determined by the fact finder and assessment of costs and attorney fees.

Respectfully submitted

/s/_____
Jeffrey K. Bartels
Kenneth William Richmond, *pro hac vice*
401 South Maryland Ave.
Wilmington, DE 19804
302-995-6211

CERTIFICATION

Kenneth William Richmond, Counsel for the Plaintiff in the foregoing action certifies that he has investigated the facts underlying the allegations contained in the attached Complaint and that each of the allegations set forth are true and correct according to his best information and belief.

Dated April 25, 2006            /s/_____
                                Kenneth William Richmond
                                2019 Walnut Street
                                Philadelphia, PA  19103
                                215-523-9200

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Estate of William J. Cox, by Angelia Cox, Admn.
6415 Chew Avenue
Philadelphia, PA 19119

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey K. Bartels, Esq., 401 S. Maryland Ave., Wilmington, DE 19804
Phone: 302-995-6211

## DEFENDANTS
Thomas L. Carroll, Warden DCC, First Correctional Medical, LLC,
Comm. Stanley Taylor, Bureau Chief Joyce Talley

County of Residence of First Listed Defendant: **New Castle, DE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Marc Neidjielski, Dep. Atty. General, Delaware Dept. of Justice
820 N. French Street, Wilmington, DE 19801

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☒ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 USCS 1983**
Brief description of cause: Prisoner Rights (VIII Amend. Constitution)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: April 26, 2006
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeffrey Bartels

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 6 - 2 7 8

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____4____ COPIES OF AO FORM 85.

_4/28/06_
(Date forms issued)

_[signature]_
(Signature of Party or their Representative)

_Estate of Cox_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action